IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| JERMOL CHIN, #42743-037 | * | |
| Petitioner, | * | |
| v. | * | CIVIL NO.: WDQ-10-2093 |
|  |  | CRIMINAL NO.: WDQ-06-0552 |
| UNITED STATES OF AMERICA | * | |
| Respondent. | * | |

MEMORANDUM OPINION

Pending is Jermol Chin's pro se paper captioned "Motion Pursuant to Federal Rule 60(b)(3) and (6)." (Paper No. 44). For the following reasons, the motion, which is construed under 28 U.S.C. § 2255, will be dismissed without prejudice for lack of jurisdiction.

I. Background

On June 14, 2007, Chin pled guilty to possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 180 months imprisonment under the Armed Career Criminal Act. His conviction was affirmed on appeal. *United States v. Chin*, CA4 07-5146 (March 9, 2009). On August 31, 2009, Chin filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, which was

denied. *Chin v. United States*, Civil Action No. WDQ-09-2137 (D. Md. Jan. 6, 2010). Chin appealed the decision to the Fourth Circuit, which denied a certificate of appealability and dismissed his appeal. *United States v. Chin,* No. 10-6117 (4th Cir. June 25, 2010).

Chin now seeks relief under Fed. R. Civ. Proc. 60(b)(3) and (6), contending that the integrity of this court was compromised by an "extraordinary circumstance." He claims that his conviction was obtained through prosecutorial misconduct and that the statement of facts in his plea agreement was intentionally misleading and false.[1]

II. Analysis

  A. Motion is Properly Construed Under 28 U.S.C. § 2255

The characterization of a pro se motion is determined by its subject matter and not the caption the petitioner assigned to it. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998). A court may recharacterize a pro se motion "to create better correspondence between the substance of the . . . motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381 (2003).

---

[1] Chin disputes the prosecutor's summary of police reports in the agreed statement of facts. This Court previously determined on collateral review that there was no inconsistency between the police reports and the statement of facts in the plea agreement. Paper No. 33, Memorandum Opinion, n. 3.

A Rule 60(b) motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," is considered a successive petition for writ of habeas corpus. *See Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). The Fourth Circuit has distinguished between a Rule 60(b) motion and a 28 U.S.C. § 2255 motion, explaining that a motion directly attacking the prisoner's conviction or sentence is usually a successive § 2255 motion, while a motion seeking to remedy a defect in the collateral review process is generally a proper motion to reconsider. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

Although Chin captions his pleading as a Rule 60(b) motion, it challenges the validity of his underlying conviction by disputing the statement of facts. The motion is properly considered under 28 U.S.C. §2255. *See id.*

Contrary to Chin's assertions in his motion in opposition to recharacterization, recharacterizing a successive § 2255 motion does not trigger the notice requirements set forth in *Castro v. United States*, 540 U.S. 375, 383 (2003) ("The limitation applies when a court recharacterizes a pro se litigant's motion as a first § 2255 motion."). Additionally, Chin provides no grounds for the Court to grant his motion for appointment of counsel. Those motions will be denied.

B. Pre-Filing Authorization

Chin has filed a second §2255 motion. A second §2255 petition may not be filed absent pre-filing authorization from the Court of Appeals. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). A petitioner may not avoid this procedural requirement by labeling his successive §2255 motion otherwise.

Chin provides no evidence of pre-filing authorization. Consequently, this court lacks jurisdiction to consider his motion. *See Winestock*, 340 F.3d at 205. His motion will be dismissed without prejudice.

C. Certificate of Appealability

The Court declines to issue a Certificate of Appealability because no grounds are presented to show the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Reasonable jurists would not find that Chin's constitutional claims are debatable or that any dispositive procedural rulings were debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336(2003); *Slack v. McDaniel*, 529 U.S. 473, 484(2000).

III. Conclusion

For the reasons stated above, Chin's §2255 motion will be dismissed without prejudice for lack of jurisdiction. His motion in opposition to recharacterization and his motion to appoint

4

counsel will be denied.


October 18, 2010                              _____/s/_____
Date                                          William D. Quarles, Jr.
                                              United States District Judge