IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA  *

v.  *

                                CRIMINAL NO.:  WDQ-06-0552

JERMOL CHIN  *

\* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Pending are Jermol Chin's *pro se* motions for this Judge's recusal and to unseal the transcript of his sentencing. No hearing is necessary. *See* Local Rule 105.6. For the following reasons, the motions to recuse and to unseal will be denied.

I.  Background

On June 14, 2007, Chin pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Docket. On November 7, 2007, he was sentenced to 180 months imprisonment. ECF No. 17. On November 15, 2007, Chin filed a notice of appeal. ECF No. 18.

For the appeal, a transcript of Chin's sentencing was produced. *See* ECF No. 20. On January 30, 2008, Chin moved to seal the transcript. ECF No. 23. The Court granted the motion. ECF No. 25.

On March 9, 2009, the Fourth Circuit affirmed Chin's conviction. ECF No. 26. On June 15, 2009, Chin's petition for certiorari to the Supreme Court was denied. *Chin v. United States*, 129 S. Ct. 2814 (2009).

On August 13, 2009, Chin moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 28. On January 6, 2010, the Court denied the motion. ECF No. 34. Chin appealed to the Fourth Circuit, ECF No. 35, which denied a certificate of appealability ("COA") and dismissed the appeal. ECF No. 41.

On July 21, 2010, Chin sought relief under Fed. R. Civ. P. 60(b)(3) and (6), ECF No. 43, which the Court recharacterized as a successive § 2255 petition and dismissed. ECF No. 53. Upon Chin's appeal, the Fourth Circuit denied a COA and dismissed. ECF No. 61. On April 11, 2011, Chin again sought relief under Rule 60(b)(6), ECF No. 63, which the Court also recharacterized and denied. ECF No. 65. The Fourth Circuit denied Chin's motion for the Court to consider a second or successive § 2255 motion. ECF No. 81.

On May 19, 2011, Chin moved for this Judge's recusal alleging that the Judge (1) is biased, (2) gave him an illegal sentence, and (3) seeks to protect Assistant United States Attorney Debra Dwyer and himself from having the case reversed. ECF Nos. 74 at 3, 75. Chin filed an affidavit supporting the

motion. ECF No. 75. On July 25, 2011, Chin again sought relief under Rule 60(b)(6).

On September 17, 2012, Chin requested that the Court unseal his sentencing transcript because his counsel had filed the motion to seal without his knowledge, and he cannot review the record for error because of the seal. ECF No. 84.

II. Analysis

    A. Motion for this Judge's Recusal

Chin seeks recusal on the basis that this Judge has a "personal interest" in the case and is trying to protect Dwyer and himself. ECF No. 74 at 2-3. Chin has sworn that this Judge has been biased in the proceedings. ECF No. 75.

Under 28 U.S.C. § 144 when a party "makes and files a timely and sufficient affidavit" that the judge has a personal bias or prejudice against him or in favor of an adverse party, the judge must recuse himself. 28 U.S.C. § 144. The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists." *Id.* "To be considered legally sufficient the affidavit must allege *personal* bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from his participation in the case." *Sine v. Local No. 992 Int'l Bhd. of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989).

Even when no affidavit is filed, a judge must recuse himself from a proceeding when his impartiality might reasonably be questioned or when he has a bias or prejudice against a party. 28 U.S.C. § 445(a), (b)(1). "The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (internal quotation mark omitted).

"Judicial rulings alone almost never constitute a valid basis" for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Instead, they are generally "proper grounds for appeal, not for recusal." *Id.*

"A judge against whom an affidavit under § 144 is filed must pass upon the legal sufficiency of the facts alleged." *Sine*, 882 F.2d at 914. Here, Chin alleges the Judge is biased because of his judicial rulings. *See* ECF. No. 75. The affidavit does not cite an extrajudicial source of bias and is, therefore, legally insufficient. *See Sine*, 882 F.2d at 914. As there is no sufficient affidavit, recusal is not required under § 144. *See* 28 U.S.C. § 144; *Sine*, 882 F.3d at 914.

Similarly, this Judge need not recuse himself under § 445. Chin has made no argument for recusal other than the Judge's rulings against him. *See* ECF No. 74 at 3. Appeal, not recusal

4

is the proper way to correct that kind of judicial error. *See Liteky*, 510 U.S. at 555. The motion for recusal will be denied.

B.   Motion to Unseal

Chin requests that the Court unseal his sentencing transcript because his counsel moved to seal without his knowledge; without the transcript, Chin contends that he "has not been able to review the Record for any errors at Sentencing for collateral attack Motions." ECF No. 84 at 1.

A prisoner is not entitled to "conduct a fishing expedition to find something that may support further relief."[1] Any subsequent § 2255 petition filed is likely to be futile. From the date of final judgment there is a one year statute of limitations on § 2255 petitions. 28 U.S.C. § 2255(f)(1). Chin's judgment became final on June 15, 2009, when the Supreme Court denied his petition for certiorari. *See Chin v. United States*, 129 S. Ct. 2814 (2009). Chin has not sought equitable tolling or presented any reason justifying his filings after the limitations period has run. *See United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). Any § 2255 motion filed would be time barred. *See* 28 U.S.C. § 2255(f)(1).

As Chin has filed several § 2255 motions, *see* ECF Nos. 28, 43, 63, another collateral attack would also barred as a

---

[1] *Jackson v. United States*, 638 F. Supp. 2d 514, 613 (W.D.N.C. 2009) (quoting *United States v. Clark*, 283 F. App'x 207, 208 (5th Cir. 2008)).

subsequent § 2255 motion unless the Fourth Circuit issued a certificate of appealability, which it has previously refused to do. See 28 U.S.C. § 2255(h); ECF No. 81. Because Chin has not shown a cognizable need for the transcript and another § 2255 motion would be futile, his motion to unseal the transcript will be denied.[2]

III. Conclusion

For the reasons stated above, Chin's motions for recusal and to unseal his sentencing transcript will be denied.

_10/2/12_
Date

William D. Quarles, Jr.
United States District Judge

---

[2] See United States v. Wilson, No 1:06-CR-00338, 2011 WL 2115550, at *1 (N.D. Ohio May 27, 2011) (refusing to unseal documents when § 2255 statute of limitations had run).

6