IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERMOL CHIN, # 42743-037           *

Petitioner                          *

v.                                  *        Civil Action No. WDQ-12-2819
                                             Criminal Action No. WDQ-06-0552
UNITED STATES                       *

Respondent                          *
                                  ***

MEMORANDUM OPINION

Pending is Jermol Chin's *pro se* "Motion Pursuant to Federal Rule 60(b) (6)." ECF No. 78. For the following reasons, the motion, which is construed under 28 U.S.C. § 2255, will be dismissed without prejudice for lack of jurisdiction.

I.   Background

On June 14, 2007, Chin pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 180 months imprisonment. ECF No. 17. On March 9, 2009, the Fourth Circuit affirmed Chin's conviction. ECF No. 26. On August 31, 2009, Chin filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which the Court denied. ECF Nos. 28 & 34. The Fourth Circuit denied a Certificate of Appealability and dismissed the appeal. ECF. No. 41.

On July 21, 2010, Chin sought relief under Fed. R. Civ. P. 60(b) (3) and (6), which the Court recharacterized as a successive § 2255 motion and dismissed for lack of jurisdiction. ECF Nos. 43 & 53. Upon Chin's appeal, the Fourth Circuit denied a Certificate of Appealability and dismissed. ECF No. 61. On April 11, 2011, Chin again sought relief under Rule 60(b)(6) and the Court again re-characterized and denied the motion. ECF Nos. 63 & 65. Chin appealed, and

the Fourth Circuit denied a Certificate of Appealability and dismissed. ECF No. 80. It also denied Chin's motion to consider a second or successive § 2255 motion. ECF No. 81.

Chin again requests relief under Fed. R. Civ. P. 60(b) (6), claiming that the court failed to safeguard his rights; he asserts that his arrest was unlawful, the prosecutor's statement of facts contained errors, and he was illegally sentenced. ECF No. 78.

II.     Analysis

The subject matter of a motion and not the caption assigned to it by a *pro se* petitioner determines its status. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998). A court may re-characterize a motion filed by a pro se litigant to create better correspondence between the subject of the motion and its underlying legal basis. *See Castro v. United States*, 540 U.S. 375, 381 (2003).

A motion filed under Fed. R. Civ. P. 60(b) that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," is in fact a second or successive § 2255 motion. *See Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). In *United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003), the Fourth Circuit distinguished between a Rule 60(b) motion and a § 2255 motion, explaining that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. *Id.* at 207.

Although Chin captions his pleading under Rule 60(b), his characterizations do not disguise the fact that he is challenging the validity of his sentence, not his § 2255 proceeding. As

such, the motion is properly considered under 28 U.S.C. § 2255. *See Winestock*, 340 F.3d at 207.[1]

A successive § 2255 petition may not be filed without pre-filing authorization to do so from the Court of Appeals. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255; *In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). A petitioner may not avoid this procedural requirement by labeling his successive § 2255 motion otherwise. Chin provides no evidence of pre-filing authorization. Consequently, this court lacks jurisdiction to consider his motion. *See Winestock*, 340 F.3d at 205. The motion will be dismissed without prejudice.

The Court declines to issue a Certificate of Appealability because no grounds are presented to show the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Chin fails to demonstrate that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336(2003); *Slack v. McDaniel*, 529 U.S. 473, 484(2000).

III.   Conclusion

For the reasons stated above, Chin's § 2255 motion will be dismissed without prejudice for lack of jurisdiction. A separate Order follows.

_10/18/12_
Date

_/s/_
William D. Quarles, Jr.
United States District Judge

---

[1] Federal Rule of Civil Procedure 60(b)(6) is an extraordinary remedy granted only in exceptional circumstances. *See Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004); *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n. 2 (4th Cir. 2000). Even were review of Chin's assertions available under Rule 60(b)(6), his factually unsupported and conclusory allegations fails to allege exceptional circumstances justifying relief. Further, Rule 60(b)(6) is a civil rule and is therefore an inappropriate vehicle to challenge a criminal conviction or sentence. *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir.1998) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case.").